Kevin R. Sutherland (State Bar No.: 163746)
Geneva A. Collins (State Bar No.: 187023)
CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
Email:  kevin.sutherland@clydeco.us
        geneva.collins@clydeco.us

Attorneys for Defendant
KOREAN AIR LINES CO., LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SOOK JUNG LEE AND FRANK N. LEE, CO-CONSERVATOR FOR BRUCE B. LEE, CONSERVATEE; AND BRUCE B. LEE,<br><br>Plaintiffs,<br><br>v.<br><br>KOREAN AIR LINES CO., LTD. dba KOREAN AIR, a California corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: **SACV10-1709 JVS(MLGx)**<br><br>NOTICE OF REMOVAL OF CIVIL ACTION |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION:

Defendant Korean Air Lines Co., Ltd. ("Korean Air"), by it attorneys, Clyde & Co US LLP, hereby removes this pending action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California, Southern Division as follows:

### INTRODUCTION

1. On October 12, 2010, there was filed in the Superior Court of the State of California for the County of Orange, the attached summons and complaint bearing Case No. 30-2010 00415864 in the records and files of that court. A true

and correct copy of the summons and complaint is attached hereto as Exhibit A.

2. Korean Air's counsel first received copies of the summons and complaint on October 16, 2010. To the best of Korean Air's knowledge, the summons and complaint have not been served on Korean Air.

3. Plaintiffs' complaint alleges that plaintiffs Sook Jung Lee and Frank N. Lee are the court-appointed co-conservators of the person and estate of Bruce B. Lee. The complaint seeks damages in excess of $1 Million for personal injuries allegedly sustained by plaintiff Bruce B. Lee while a passenger on board Korean Air flight No. 93 on October 14, 2008. The complaint alleges that Bruce B. Lee was traveling pursuant to a round-trip ticket from and to Washington, D.C., with an intermediate stopping place in Seoul, Korea. *See* Complaint at ¶ 6. During the return portion of the trip from Seoul to Washington, D.C., plaintiffs allege that Bruce B. Lee suffered a stroke "[w]ithin two hours of the flight." *See* Complaint at ¶ 8. Plaintiffs' complaint further alleges that Korean Air failed to divert the flight back to Korea and failed to seek timely and proper medical assistance for Bruce B. Lee. *See* Complaint at ¶¶ 10, 11.

I

## THIS COURT HAS DIVERSITY JURISDICTION BASED UPON 28 U.S.C. SECTIONS 1332 AND 1441

4. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332 based on the diversity of citizenship between the parties. Pursuant to 28 U.S.C. Section 1441(a), this case may be removed by Korean Air, in that it is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state.

5. Plaintiff Bruce B. Lee, on whose behalf this lawsuit is brought, is an individual residing in the city of Fullerton, California and a naturalized citizen of the United States. *See* Complaint at ¶ 2. Sook Jung Lee and Frank N. Lee are the

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

co-conservators for plaintiff Bruce B. Lee. *See* Complaint at ¶ 1. Pursuant to 28 U.S.C. Section 1331(c), the conservators of plaintiff Bruce B. Lee are deemed to be citizens of the same state as Bruce B. Lee, *i.e.*, California.

6. Korean Air is and was at all time relevant to this action a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business in Seoul, Korea and has never been a citizen of the State of California.

7. The defendants identified in the complaint as Does 1 through 20 are merely fictitious parties against whom no valid claim can be alleged. Korean Air has no basis on which to believe that any of the fictitiously named defendants have been served with the complaint. Pursuant to 28 U.S.C. Section 1441(a), the citizenship of the defendants sued under fictitious names shall be disregarded.

8. Plaintiffs' complaint seeks damages in the sum or value in excess of $1 Million. *See* Complaint at ¶ 19. Accordingly, the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in 28 U.S.C. Section 1332(a).

9. In light of the foregoing, this Court has original jurisdiction over this action and this action may be removed to this Court pursuant to 28 U.S.C. Sections 1332 and 1441(a).

## II

## THIS COURT HAS FEDERAL QUESTION JURISDICTION BASED UPON 28 U.S.C. SECTION 1331 BECAUSE PLAINTIFFS' COMPLAINT ARISES UNDER A TREATY OF THE UNITED STATES

10. The United States, the place of origin and termination of plaintiff Bruce B. Lee's transportation, is a state party to a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

333292734 (hereinafter "Montreal Convention").

11.  This is an action over which the Court has original jurisdiction based on the existence of a federal question pursuant to 28 U.S.C. Section 1331. The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the Montreal Convention. As the allegations in the complaint arise out of damages allegedly incurred in connection with round-trip transportation from and to the United States with an intermediate stopping place in the Republic of Korea, the rights of the parties are governed exclusively by the provisions of the Montreal Convention. Montreal Convention, Art. 29; *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161, 169 (1999); *Twardowski v. American Airlines*, 535 F.3d 952, 961 (9th Cir. 2008); *Carey v. United Airlines*, 255 F.3d 1044, 1048 (9th Cir. 2001); *Kruger v. United Airlines*, 481 F. Supp. 2d 1005, 1008 (N.D. Cal. 2007) (holding that "the Montreal Convention, like its predecessor Warsaw Convention, provides the exclusive basis for a lawsuit against an air carrier for injuries arising out of international transportation, where it applies") (*quoting El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161 (1999)); *see also Javier v. Philippine Airlines, Inc.*, 2010 WL 1689861 (N.D. Cal.) (same).

12.  Accordingly, since plaintiffs' claims arise under the Montreal Convention, which provides the exclusive remedy for their claims, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. Sections 1331 and 1441(b).

## CONCLUSION

WHEREFORE, defendant Korean Air Lines Co., Ltd. prays that the above-entitled action now pending in the Superior Court of California for the County of Orange be removed to this Court for pursuant to 28 U.S.C. Sections 1331, 1332, 1441 and 1446.

//

286351v1

| | |
|---|---|
| DATED: November 5, 2010 | CLYDE & CO US LLP<br><br>By: _/s/ Kevin R. Sutherland_<br>KEVIN R. SUTHERLAND<br>GENEVA A. COLLINS<br>Attorneys for Defendant<br>KOREAN AIR LINES CO., LTD. |

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

286351v1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KOREAN AIR LINES CO., LTD. dba KOREAN AIR, a California corporation; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SOOK JUNG LEE AND FRANK N. LEE, CO-CONSERVATOR FOR BRUCE B. LEE, CONSERVATEE; AND BRUCE B. LEE

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

OCT 12 2010

ALAN CARLSON, Clerk of the Court

BY J. TRAN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

ORANGE COUNTY SUPERIOR COURT-Central Justice Center
700 Civic Center Drive West, Santa Anna, CA 92701

**CASE NUMBER:** *(Número del Caso):* **30-2010 00415864**

JUDGE GREGORY H. LEWIS
DEPT. C26

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Frank N. Lee, Esq. 3435 Wilshire Blvd. #450, LA, CA 90010 (213) 487-9777

DATE: OCT 12 2010   ALAN CARLSON   Clerk, by _____, Deputy
*(Fecha)*                            *(Secretario)*            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

JOSEPH TRAN

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*
    under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Exhibit "A"

FRANK N. LEE, ESQ. (SBN 122230)
LAW OFFICE OF FRANK N. LEE
3435 Wilshire Blvd., Suite 450
Los Angeles, CA 90010
Tel (213) 487-9777
Fax (213) 487-9776

Attorneys for Plaintiffs
Sook Jung Lee and Frank N. Lee,
Co-Conservator for Bruce B. Lee,
Conservatee and Bruce B. Lee

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

OCT 12 2010

ALAN CARLSON, Clerk of the Court

BY J. TRAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

CENTRAL JUSTICE DISTRICT

| | |
|---|---|
| SOOK JUNG LEE AND FRANK N. LEE, CO-CONSERVATOR FOR BRUCE B. LEE, CONSERVATEE; AND BRUCE B. LEE<br><br>Plaintiffs,<br><br>vs.<br><br>KOREAN AIR LINES CO., LTD. dba KOREAN AIR, a California corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 30-2010<br>00415864<br>**COMPLAINT FOR PERSONAL INJURIES**<br><br>1. NEGLIGENCE<br><br>**JUDGE GREGORY H. LEWIS**<br>**DEPT. C26**<br><br>UNLIMITED CIVIL CASE |

Plaintiffs Sook Jung Lee and Frank N. Lee, as conservator of Bruce B. Lee, conservatee ("Conservator"); and Bruce B. Lee (hereinafter "Plaintiff") alleges as follows:

Exhibit "A"

1

COMPLAINT

## FIRST CAUSE OF ACTION

(Against Defendants and DOES 1 through 10, inclusive,

for Negligence)

1. Plaintiffs Sook Jung Lee and Frank N. Lee became the conservator of the Person and Estate of Bruce B. Lee on September 14, 2010 pursuant to their Application for Appointment of Probate Conservator before the Orange County Superior Court in the case styled Conservatorship of Bruce B. Lee; Case No. 30-2010-00396348-PR-CP-LJC. Pursuant to said Application the conservators have the right to maintain a lawsuit on behalf of Bruce B. Lee.

2. Plaintiff Bruce B. Lee is an individual residing in the city of Fullerton, in the County of Orange. He was born on October 25, 1959 and became a naturalized United States citizen upon reaching the age of 18 years old.

3. Defendant Korean Air Lines Co., LTD. dba Korean Air ("Korean Air ) was and now is a corporation organized and existing under the laws of the State of California, with its principal place of business in Los Angeles County, California. At all relevant times herein, Korean Air was and is a company in the airline industry focusing on air travel to and from Asia.

4. That the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names and Plaintiff will amend this Complaint to show their true names and capacities when the same have been ascertained.

5. Defendants, and each of them, were agents of the other and as to each and every act alleged herein as preformed by one of them or all of them was performed as the agent of the other said Defendants and each of said Defendants acted and preformed within the scope of said agency relationship.

6. On or about October 1, 2008, Plaintiff Bruce B. Lee purchased a round trip ticket in the United States leaving Washington Dulles airport to Seoul, Incheon International airport and returning back to Washington, Dulles airport.

2
COMPLAINT

7. On or about October 14, 2008, at 10:50 A.M. Plaintiff boarded Korean Air Flight # 93 in the First Class Section of the airplane. Seated next to him were the South Korean Minister of Defense, Chairman of the Joint Chiefs and other executives of the Ministry of Defense.

8. Approximately one hour into the flight Plaintiff ate his lunch that was served by Korean Air. Within two hours of the flight, Plaintiff developed vomiting, depressed level of consciousness and right hemiparesis which resulted in a stroke. Plaintiff is informed and believes and thereon alleges that Korean Air flight crew was aware or should have been aware, with reasonable diligence, of plaintiff's medical condition shortly after his stroke. Because plaintiff was a First Class passenger and because it was during the morning hours, plaintiff was easily approachable by the stewardess and upon reasonable diligence Korean Air crew should have discovered that plaintiff had vomited his food, lost continance and lost consciousness.

9. As an international airline carrier of passengers Korean Air had a duty to maintain and protect the health and safety of its passengers during a medical emergency.

10. Upon discovery of plaintiff's medical condition, Korean Air should have immediately aborted the flight and returned back to Seoul Incheon International Airport to provide plaintiff with emergency medical attention at a nearby hospital.

11. Korean Air failed to follow reasonable airline policy in providing treatment to a passenger in a life threatening circumstances. Korean Air should have immediately sought the assistance of any medical resources on the plane, which it failed to do in a timely basis. The pilot should have immediately been notified of the medical neurological emergency so that he could contact MedAire (or a similar organization in South Korea) to seek further instructions. In addition, Korean Air should have made arrangement with the nearest Stroke Center in Seoul so that the plaintiff could be air ambulanced to a hospital in order to receive the necessary medical intervention to save the plaintiff's brain.

12. If plaintiff was treated with a tissue plasminogen activator (tPA) or a similar medical procedure within the first 3-6 hours of his stroke plaintiff would not have sustained the severity of his brain injury. By Korean Air's refusal to abort the flight, plaintiff was deprived of his best chance to mitigate his injuries to his brain and body.

3
COMPLAINT

13. Upon information and belief, plaintiff further allege that Korean Air intentionally chose to ignore this medical emergency and continued its flight to the United States even though plaintiff was unconscious. Korean Air intentionally chose to continue the flight due to financial considerations and in order to accommodate the arrival time of the executives in the Department of Ministry. Only after significant time had passed did the crew even seek medical assistance on board.

14. During Korean Air Flight #93 to the United States the pilot never contacted MedAir or a similar organization in order to seek medical and logistical advise on the proper procedures to take in case of a medical emergency of this magnitude. Korea Air's action fell below the normal standard of care in treating a passenger who had a medical emergency of the type sustained by the plaintiff during the flight.

15. Upon information and belief, plaintiff further allege that at some point in time the crew made a decision to divert the flight to Seattle -Tacoma International Airport. The plane arrived at Gate S12 approximately 3:48 A.M. on October 14, 2010 (pst). The Tri-Med ambulance took plaintiff to the Highline Community Hospital at approximately 4:19 A.M.

16. Korean Air did not take reasonable and necessary procedures during the medical emergency. Korean Air failed to notify the next of kin immediately after the stroke. Plaintiff's wife was only notified after plaintiff was "dropped off" at the community hospital in Seattle. Korean Air failed to notify the Korean Consulate Office of the medical emergency after the plaintiff was at the hospital. Korean Air was aware that plaintiff was the son-in-law of the former President Kim Young Sam and it was South Korea's protocol to notify the Korean Consulate Office of the medical emergency. Korean Air was primarily concerned with delay of the flight to Washington D.C. and did not take reasonable measures to have plaintiff air ambulanced to the Harbour View Regional Stroke Center in Seattle. Instead, Korean Air notified a low level assistant in the Korean Air regional office to accompany the plaintiff to a community hospital that did not have the necessary personnel; expertise or facility to treat a left middle cerebral artery and bilateral anterior cerebral artery thromboembolic stroke. Due to the lack of experienced care at the community hospital plaintiff's brain injury was aggravated.

4
COMPLAINT

17. As a result of Korean Air's lack of ordinary and reasonable care in treating plaintiff and/or failing to deliver the plaintiff to an appropriate hospital that could treat plaintiff, plaintiff underwent a left hemicraniectomy to prevent death from brain herniation. Plaintiff was comatose, had to undergo a tracheostomy, undergo Jevity feeding via PEG, and currently is a quadriplegic. Plaintiff is unable to speak, understand language and is mentally disabled as a result of his extensive damage to the left hemisphere of his brain and the resulting bodily injury. Plaintiff medical condition is such that the Court has now appointed a conservator for his person and estate.

18. Plaintiff's injury was proximately caused by the "wilful misconduct" of the Korean Air crew in ignoring plaintiff while he was unconscious. As a direct and proximate cause of Korean Air's wilful misconduct and negligence plaintiff has and will continue to sustain pain and suffering; past, present and future medical and home care expenses; loss of income; and the loss of the quality of life that is enjoyed by a man of his age and health.

19. The past two years of out-of-pocket medical and home care expenses exceeds $200,000 and it is estimated that a minimum of $100,000 per year will be required to provide for his medical services and home care needs. The amount of future expenses will exceed $1,000,000.00 and in an amount to be shown by proof at the time of trial.

**WHEREFORE**, Plaintiff prays for Judgment against Defendants, as follows:

1. For special and general damages according to proof;
2. For medical and related expenses according to proof;
3. For future medical and related expenses according to proof;
4. For loss of income and earnings according to proof;
5. For loss of earning capacity according to proof; and
6. For such other and further relief as the Court deems just and proper.

LAW OFFICE OF FRANK N. LEE

DATED: 10/11/10

By: _____
Frank N. Lee, Attorney for Plaintiffs Sook Jung Lee and Frank N. Lee, conservator for Bruce B. Lee, conservatee; and Bruce B. Lee

**PROOF OF SERVICE**
**STATE OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

I am a employed in the County of San Francisco, State of California, I am over the age of eighteen years, and not a party to the within action. My business address is 101 Second Street, 24th Floor, San Francisco, California 94105.

On November 5, 2010, I served the document(s) described as:

**NOTICE OF REMOVAL OF CIVIL ACTION**

on the parties in this action addressed as follows:

SEE ATTACHED SERVICE LIST

in the following manner:

☐ **(BY FAX):** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ **(BY MAIL):** as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT DELIVERY):** I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☐ **(BY PERSONAL SERVICE):** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ **(BY CM/ECF):** by electronic filing system with the clerk of the Court which will send a Notice of Electronic Filing to all parties with an e-mail address of record, who have filed a Notice of Consent to Electronic Service in this action:

I declare under penalty of perjury according to the laws of the State of California that the foregoing is true and correct.

Executed on November 5, 2010, at San Francisco, California.

PATRICIA INABNET

**SERVICE LIST**

Frank N. Lee, Esq. (SBN 122230)
Law Office Of Frank N. Lee
3435 Wilshire Blvd., Suite 450
Los Angeles, CA 90010
Tel: (213) 487-9777
Fax: (213) 487-9776
E-Mail:

Attorneys for Plaintiffs
Sook Jung Lee and Frank N. Lee, Co-Conservator for Bruce B. Lee, Conservatee and Bruce B. Lee

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

7
PROOF OF SERVICE

286351v1

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SOOK JUNG LEE AND FRANK N. LEE, CO-CONSERVATOR FOR BRUCE B. LEE, CONSERVATEE; AND BRUCE B. LEE

**DEFENDANTS**
KOREAN AIR LINES CO., LTD. dba KOREAN AIR, a California corporation; and DOES 1 through 20, inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Frank N. Lee, Esq.
Law Offices of Frank N. Lee
3435 Wilshire Blvd., Suite 450
Los Angeles, California 90010
(213) 487-9777

**Attorneys (If Known)**
Kevin R. Sutherland, Esq.
Geneva A. Collins, Esq.
Clyde & Co US LLP
101 Second St., 24th Floor
San Francisco, California 94105
(415) 365-9800

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☒ **MONEY DEMANDED IN COMPLAINT: $** 1,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sections 1332, 1441.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☒ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: ~~SACV10-1709 JVS(MLGx)~~

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Republic of Korea |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| N/A - Claim arose during internatinoal transportation by air from Seoul, Korea to Washington, D.C. | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_  Date  Nov 5, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# PROOF OF SERVICE

## STATE OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

I am a employed in the County of San Francisco, State of California, I am over the age of eighteen years, and not a party to the within action. My business address is 101 Second Street, 24th Floor, San Francisco, California 94105.

On November 5, 2010, I served the document(s) described as:

## CIVIL COVER SHEET

on the parties in this action addressed as follows:

## SEE ATTACHED SERVICE LIST

in the following manner:

☐ **(BY FAX):** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ **(BY MAIL):** as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT DELIVERY):** I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☐ **(BY PERSONAL SERVICE):** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ **(BY CM/ECF):** by electronic filing system with the clerk of the Court which will send a Notice of Electronic Filing to all parties with an e-mail address of record, who have filed a Notice of Consent to Electronic Service in this action:

I declare under penalty of perjury according to the laws of the State of California that the foregoing is true and correct.

Executed on November 5, 2010, at San Francisco, California.

_____
Patricia Inabnet

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

287160v1

3
PROOF OF SERVICE

## SERVICE LIST

Frank N. Lee, Esq. (SBN 122230)
Law Office Of Frank N. Lee
3435 Wilshire Blvd., Suite 450
Los Angeles, CA 90010
Tel: (213) 487-9777
Fax: (213) 487-9776
E-Mail:

Attorneys for Plaintiffs
Sook Jung Lee and Frank N. Lee, Co-Conservator for Bruce B. Lee, Conservatee and Bruce B. Lee

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

287160v1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

**SACV10- 1709 JVS (MLGx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.